**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40506
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

NOEL HANCOCK,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CR-115-1)

March 5, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Noel Hancock pleaded guilty to one count of a multi-count indictment charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court imposed a 60-month term of imprisonment, to be followed by a three-year period of supervised release. In calculating the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, the district court adopted, over Hancock's objections, the presentence report, which held Hancock accountable for having trafficked in 4.45 grams of crack cocaine.  Hancock alleges two points of error on appeal: (1) the district court improperly calculated the drug quantity attributable to him, and (2) the district court improperly enhanced his sentence under § 2D1.1(b)(1) of the Sentencing Guidelines, a provision which authorizes a two-level increase in a defendant's offense level whenever the defendant possesses a firearm in a crime involving the trafficking or possession of drugs.  Neither contention has merit.  We affirm.

The evidence showed that Hancock and several codefendants participated in a series of drug transactions spanning a six-week period in 1996.  The evidence also showed that Hancock sold a .38 caliber revolver to a confidential informant during one of the transactions.  The district court found that because Hancock pooled crack with his codefendants for the purpose of filling orders, he had engaged in a jointly undertaken criminal activity.  Hancock, however, argues that the district court improperly held him accountable for the amounts of crack contributed by his codefendants.  We have carefully reviewed the evidence, and conclude that the district court did not commit clear error in attributing 4.45 grams of crack to Hancock.[2]

_____

[2] Under the Sentencing Guidelines, a defendant's guideline range should be based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or wilfully caused by the defendant, or in the case of a jointly undertaken

As for Hancock's second assignment of error, we conclude that the district court's finding was not clearly erroneous. Hancock sold a firearm to a confidential informant, and the evidence reveals the requisite nexus between the firearm and the drug trafficking offense for which he stands convicted.[3]

AFFIRMED.

---

criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A) and (a)(1)(B). <u>See also</u> *United States v. Bryant*, 991 F.2d 171, 177 (5th Cir. 1993) (relevant conduct includes quantities of drugs that were part of the same course of conduct or part of a common scheme or plan).

[3] <u>See</u> *United States v. Garza*, 118 F.3d 278, 285 (5th Cir. 1997).